UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23904-CIV-UU

| | |
|---|---|
| YERLING MARYURIS OLIVAS HERNANDEZ and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| COSTA FINAL CLEANING LLC., MAURICIO COSTA ALMEIDA, | ) ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AS TO DEFENDANTS, JOINTLY AND SEVERALLY, AND FOR ENLARGEMENT OF TIME TO FILE ONE MOTION REGARDING FEES AND COSTS INCLUDING FUTURE FEES AND COSTS REGARDING COLLECTION OF DEFAULT AT THE CONCLUSION OF COLLECTION**

Pursuant to the Federal Rules of Civil Procedure, 29 U.S.C. 216(b), the Clerk's Default [DE11], Plaintiff, YERLING MARYURIS OLIVAS HERNANDEZ ("Plaintiff"), respectfully requests entry of Final Default Judgment as to Defendants, GREAT MOBILITY, INC., d/b/a GREAT MOBILITY, EASTCOAST TRANSPORTATION COMPANY OF SOUTH FLORIDA, LLC., ERICK CASTILLO, IRENE BRITO, ELIZABETH SANCHEZ, and MAXIMO SANCHEZ ("Defendants"), jointly and severally, and for enlargement of time to file one Motion regarding fees and costs to date along with future fees and costs at the conclusion of collection, and in support thereof states as follow:

1.  On November 10, 2017, Plaintiff filed proof of service as to Defendants, reflecting the dates service was perfected. [DE9].

2.  Thereafter, Defendants failed to timely respond to the Complaint and the Clerk entered a default as to same. [DE11].

3.   As such, Plaintiff now moves for a Final Default Judgment to be entered against Defendants, jointly and severally, in favor of Plaintiff.

4.   Plaintiff's calculation of damages, as set forth in the Declaration attached hereto, is based on the dates Plaintiff worked for Defendants, the hours she worked for Defendants, and the average hourly rate of pay Plaintiff was  paid by Defendants, jointly and severally.[1] *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946); *See also* 29 CFR 516.2 (requiring very specific records to be kept by employer/Defendant).

5.   In addition to her FLSA claims, Plaintiff has a claim for minimum wage violations under Florida State Law, Florida Statute § 448.110.

6.   On October 25, 2017, Plaintiff sent via certified U.S Mail the required Florida Minimum Wage Notices to the Corporate Defendant pursuant to Florida Statute § 448.110(6)(a). The Corporate Defendant was served with the Notice on November 2, 2017. *See attached,* Exhibit "A." The individual Defendant was served with the Notice on November 4, 2017. *See attached,* Exhibit "B."

7.   Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days expired on November 17, 2017, as to the Corporate Defendant and on November 19, 2017, as to the individual Defendant. As of the date of filing the instant Motion, the Plaintiff and the Defendants have been unable to resolve said Florida Minimum Wage violation.

---

[1] Attached to the initial Complaint [DE1] and the First Amended Complaint [DE10] are U.S. Department of Labor, Wage & Hour Division, investigations as to Plaintiffs. To the extent Plaintiffs' claims for Overtime Wages overlap with the U.S. Department of Labor findings, Plaintiffs are claiming the higher of the two applicable calculations.

8. As set forth in the attached Declaration, Plaintiff seeks minimum wage damages under the Florida Minimum Wage Act/Florida Constitution. Plaintiff reserves the right to the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments to seek the higher of the two applicable rates as Plaintiff has fulfilled the notice provision of the statute. *See, Touzout v. Am. Best Car Rental KF Corp.,* No. 15-61767-CV, 2017 WL 2541225, at *1 (S.D. Fla. June 12, 2017); *See also,* 29 CFR 541.4 ; 29 CFR 778.5; Title 29 Section 218.

9. Plaintiff also seeks an award of attorneys' fees and costs in this matter pursuant to the FLSA. Plaintiff respectfully requests that this Court award damages at this time and enlarge time for Plaintiff to file one fee and cost motion pursuant to Local Rule 7.3 but to have an enlargement through to the conclusion of collection which would benefit judicial economy so as not to piecemeal Plaintiff's request for attorneys' fees and costs in this cause and so that Plaintiff will need to only attach one breakdown of attorneys' fees and costs pursuant to the FLSA, which includes fees and costs associated with collection of the default.

10. As such, Plaintiff respectfully request that this Court enlarge time for Plaintiff to file one fee and cost motion after the collection of the default judgment and to retain jurisdiction to entertain same so that one fee and cost motion can be filed for all fees and costs to date along with fees and costs associated with collections. Further, Plaintiff's counsel should be entitled to collect reasonable attorneys' fees and costs in collection of the default judgment to be determined by this Court upon collection per the below-cited law.

11. Therefore, the Plaintiff respectfully request entry of an Order of Final Default Judgment to be entered against Defendants, jointly and severally, in favor of Plaintiff and for fees and costs, including future fees and costs in collection of the Default Judgment to be determined by

this Court upon collection. Plaintiff respectfully requests that this Court enlarge time for Plaintiff to file one fee and cost motion after the collection of the default judgment and to retain jurisdiction to entertain same so that one fee and cost motion can be filed for all fees and costs to date along with fees and costs associated with collections.

## MEMORANDUM OF LAW

### Defendants have failed to timely respond to the Complaint

On October 25, 2017, Plaintiff filed her initial Complaint [DE1] sounding under the Fair Labor Standards Act ("FLSA") alleging unpaid overtime and minimum wages against Defendants, jointly and severally. On November 10, 2017, Plaintiff filed proof of service as to Defendants, reflecting the dates service was perfected. [DE9]. Thereafter, Defendants failed to timely respond to the Complaint and the Clerk entered a default as to same. [DE11].

Plaintiff moves for default under 29 U.S.C. 216(b), regarding only Defendants, jointly and severally. Plaintiff's Declaration attached hereto is in compliance with the Servicemembers Civil Relief Act and other relevant law. Plaintiff is entitled to seek all fees and costs under the FLSA. As set forth above, in addition to her FLSA claims, Plaintiff has a claim for minimum wage violations under Florida State Law, Florida Statute § 448.110. On October 25, 2017, Plaintiff sent via certified U.S Mail the required Florida Minimum Wage Notices to the Corporate Defendant pursuant to Florida Statute § 448.110(6)(a). The Corporate Defendant was served with the Notice on November 2, 2017. *See attached,* Exhibit "A." The individual Defendant was served with the Notice on November 4, 2017. *See attached,* Exhibit "B." Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days

expired on November 17, 2017, as to the Corporate Defendant and on November 19, 2017, as to the individual Defendant. As of the date of filing the instant Motion, the Plaintiff and the Defendants have been unable to resolve said Florida Minimum Wage violation. As set forth in the attached Declaration, Plaintiff seeks minimum wage damages under the Florida Minimum Wage Act/Florida Constitution. Plaintiff reserves the right to the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments to seek the higher of the two applicable rates as Plaintiff has fulfilled the notice provision of the statute. *See, Touzout v. Am. Best Car Rental KF Corp.,* No. 15-61767-CV, 2017 WL 2541225, at *1 (S.D. Fla. June 12, 2017); *See also,* 29 CFR 541.4 ; 29 CFR 778.5; Title 29 Section 218.

This Court has the power to enter a final default against Defendants for failure to timely answer a complaint pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. It is well-settled that the entry of a final judgment by default is available to facilitate the exercise of the Court's inherent power to manage its affairs. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985) (citing *Flaksa v. Little River Marine Construction Co*., 389 F.2d 885, 887 (5th Cir.1968)). Failure to obey a court's order constitutes sufficient grounds for a final default judgment. *Bonanza Intern., Inc., v. Corceller* 480 F.2d 613, 614 (5th Cir. 1973). Further, in an Eleventh Circuit decision, the Court reversed the district court for allowing Defendants to amend their pleadings to assert an affirmative defense at trial. *Diaz v. Jaguar Rest. Group, LLC*, 627 F.3d 1212 (11th Cir. Fla. Dec. 13, 2010). *See also, Donahay v. Palm Beach Tours & Transportation*, 243 F.R.D. 697 (S.D. Fla. 2007) (defendants sought to amend answer and affirmative defenses seeking a declaration that would trigger the Motor Carrier Act, and this Court found that simply failing to timely plead is not good cause).

Because Defendants are held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is sufficient basis in the pleading to judgment to be entered. *See DirecTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. V. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975); *See also Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987 ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default…" (alterations added; citation omitted). If the facts in the complaint are sufficient to establish liability, then the Court must determine the appropriate amount of damages. *See Petmed Express, Inc. v. Medpets.com, Inc.,* 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004). Where all the essential evidence is in the record, an evidentiary hearing on damages is not required. *See SEC v. Smyth,* 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearing in a permissive tone…We have held that no such hearing is required where all essential evidence is already of record." (alteration added; citations omitted)).

**Plaintiff Has Adequately Pled All Elements of an FLSA Claim - Default Analysis**

Plaintiff has adequately pled the "elements" required as seen in Plaintiff's initial Complaint [DE1] and, as Defendants have failed to timely file a responsive pleading, all elements have been admitted by Defendants. Thus, the Court should enter Final Judgment against Defendants.

**"**The elements [of an FLSA overtime claim] that must be shown are simply a failure to pay overtime compensation ... to covered employees ... in accordance with the Act." *Secretary of Labor v. Labbe,* 319 Fed. Appx. 761, 763 (11th Cir., Nov. 4, 2008). *See, Campbell v. Paradigm Inv. Group, LLC*, 5:10-CV-1196-TMP, 2011 WL 7768141, at *4 (N.D. Ala. 2011), *report and recommendation adopted* 5:10-CV-1196-TMP, 2012 WL 1424984 (N.D. Ala. 2012). "The hours that Plaintiff worked involves an **essential element** of a claim for FLSA wages. *Diaz v. Jaguar*

*Rest. Group, LLC,* 649 F. Supp. 2d 1343, 1361 (S.D. Fla. 2009). Further, FLSA coverage is

an **essential element** to invoke FLSA relief.  *Exime v. E.W. Ventures, Inc.,* 591 F. Supp. 2d

1364, 1366 (S.D. Fla. 2008).

 Moreover, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall

contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant

fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Swierkiewicz v.*

*Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).  In an FLSA

matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those

facts be true, are entitled to relief".  *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643,

646 (U.S. Dist. Hawaii 1953). *See also, Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th

Cir. Fla. 2008). *See also* Plaintiff's Notice of Liability [DE26] (discussion regarding the case of

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) adopted the Supreme Court's previous ruling in

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007)).

 The Court should limit its analysis to the four corners of the Complaint [DE1] and accept

Plaintiff's allegations as true. **Plaintiff has adequately pled that Defendants' failed to pay**

**overtime compensation to Plaintiff, covered employees under the Act, in accordance with**

**the FLSA.** *See Secretary of Labor v. Labbe,* 319 Fed. Appx. 761, 763 (11th Cir., Nov. 4, 2008).

*See, Campbell v. Paradigm Inv. Group, LLC*, 5:10-CV-1196-TMP, 2011 WL 7768141, at *4

(N.D. Ala. 2011), *report and recommendation adopted* 5:10-CV-1196-TMP, 2012 WL 1424984

(N.D. Ala. 2012). **Plaintiff has adequately pled the dates she worked for Defendants and the**

**positions held in Para. 9 and Paras. 14 and 17 also provide the average hours alleged per**

**week and average rate of pay.** [DE10]; *See also Diaz v. Jaguar Rest. Group, LLC,* 649 F. Supp.

2d 1343, 1361 (S.D. Fla. 2009). **Plaintiff has also pled that Defendants failed to pay overtime**

**compensation.** In Paras. 15, 18-19, Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act and, thus Plaintiff has adequately pled willfulness. *See also, Sanchez v. Chayele, et al.,* Case No.: 16-21975-CIV-UU [DE21](The Court concludes that, at this stage of the proceedings, Plaintiff's allegations are sufficient under *Iqbal* and *Twombly* to state a claim for relief based on either negligent or willful violations of the FLSA. *Iqbal* at 678.); *See also, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes.  *See, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999); *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir. 1991), *citing McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973). Further, multiple employers may be responsible for compliance with the FLSA within one business organization.  *See*, *Elliott Travel & Tours, Inc.,* 942 F.2d at 965; *Agnew*, 712 F.2d at 1510. "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).  In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d at 1511. Financial control over a corporation is a significant factor in determining "employer" status.  *See, Elliot Travel & Tours*, 942 F.2d 966 (6th Cir. 1991); *Donovan v. Grim Hotel Co.*,

747 F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); *Donovan v. Sabine Irrigation Co., Inc*., 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); *Dole v. Simpson*, 784 F.Supp. 538, 545-47 (S.D. Ind. 1991).  Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control.  *Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982).   *See also*, *Olivas v. A Little Havana Check Cash, Inc*., 324 Fed. Appx. 839, 846 (11th Cir. Fla. 2009), and *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013).

In applying the "economic realities test," the Court should consider the following factors: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered required a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business. *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001). Regarding the economic realities test discussed in *Santelices, infra*, economic dependence is an important factor relevant to the employment relationship as is the nature and degree of control of the workers by the alleged employer.  The below law also shows that *no one factor is dispositive*.

**Furthermore, joint and several liability, as to Defendants are adequately pled in the Complaint [DE1].** Specifically regarding the Corporate Defendants Para. 3 of the Complaint [DE1] alleges that the Corporate Defendant is a company "that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was

Plaintiff's FLSA employer for Plaintiff's respective period of employment ("the relevant time period")." Para. 4 of the Complaint [DE1] alleges that the individual Defendant is a "corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period" and were "responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule" and was therefore "Plaintiff's employer as defined by 29 U.S.C. 203 (d)." Para. 9 of the Complaint [DE1] alleges what Plaintiff specifically did for Defendants (cleaner) and the specific dates Plaintiff alleges she worked for Defendants. Therefore, Defendants are specifically, jointly and severally liable for the damages claimed in the instant lawsuit.

Moreover, with regards to FLSA coverage/subject-matter jurisdiction, Plaintiff has adequately pled same in the Complaint [DE1]. In *Turcios v. Delicias Hispanas Corp.* et al., 275 Fed. Appx. 879 (11th Cir. 2008), the Eleventh Circuit remanded *Turcios* and differentiated between summary judgment standards and motions to dismiss. In *Turcios*, the Eleventh Circuit remanded that matter despite the fact that the tax records reflected less than $500,000 during the relevant period. The required prongs of FLSA coverage (interstate commerce and the $500,000 monetary threshold) have been pled. The issue of FLSA coverage might later be an issue appropriately addressed in summary judgment pleadings after adequate discovery.[2] As to the interstate commerce prong of enterprise coverage, on 8/31/10 the Eleventh Circuit rendered a decision in the consolidated matter of *Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010). Prior to such decision, there was a split in this Circuit on the issue of enterprise coverage. However, *Polycarpe* clarified that in this Circuit, it is now of no consequence if the

---

[2] This Court has original jurisdiction over the federal law FLSA claim under 29 U.S.C. Section 1331 (civil actions under the Constitution, laws and treaties of the United States). Thus, the Court has "jurisdiction" to hear the instant matter, although a statutory dispute concerning FLSA coverage exists.

goods have "come to rest"--there is no continuity requirement, and enterprise coverage is triggered so long as the employees have, pursuant to 29 U.S.C. Section 203(s)(1)(A)(i), handled, sold or worked with goods "that have been moved in or produced for commerce."  616 F.3d, at *5-6 (LEXIS pagination).  The *Polycarpe* Court stated that "we must vacate the judgment for the Defendant if there is a question about where the "goods" or "materials" were produced or where they have moved. The district courts will need to make some further decisions about the interstate history of the items in these cases." *Id*.  Consequently, from whatever prism *Polycarpe* is analyzed, it is clear, for example, that a defendant-employer can no longer argue that the employees' handling etc. of the goods or materials, that were merely manufactured outside of Florida (when the $500,000 threshold is met), is not sufficient interstate commerce as a matter of law.

**Plaintiff has adequately pled FLSA coverage which is an essential element to invoke FLSA relief.** *See Exime v. E.W. Ventures, Inc.,* 591 F. Supp. 2d 1364, 1366 (S.D. Fla. 2008). In particular, Paras. 10-11 of the Complaint [DE1], Plaintiff alleges interstate commerce and then Paras. 12-13 allege the $500,000 monetary threshold.  Plaintiff has alleged the requisite interstate commerce and gross annual income thresholds, and consequently, had this matter proceeded through discovery Plaintiff would have had an opportunity to review all relevant tax records, and also to validate their accuracy through discovery. *See also, Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* 8:07-CV-2359T23TGW, 2008 WL 793660 (M.D. Fla. Mar. 24, 2008). Thus, taking the allegations in the Complaint [DE1] as admitted, Plaintiff herein moves for Final Default Judgment, pursuant to the Federal Rules of Civil Procedure, 29 U.S.C. 216(b), and the Clerk's Default [DE11].

**Entitlement to fees.**

A prevailing Plaintiff is a "party in whose favor judgment is rendered, *regardless of the amount of damages awarded* [emphasis added]." *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 US 598 (2001). In other words, to be a prevailing plaintiff, a plaintiff must establish that he or she is in a better legal position vis-à-vis the defendant than he/she was prior to the proceedings at issue. *Goss v. Killian Oaks House of Learning*, 248 F.Supp. 2d. 1162 (S.D. Fla. 2003). Moreover, Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees' should be allowed to the prevailing party" unless a statute, rule, or court order provides otherwise. *Id.* Taxable costs are determined pursuant to 28 U.S.C. § 1920. *See* L.R. 7.3(c); *Ferguson v. N. Broward Hosp. Dist.*, 2011 WL 3583754, at *2 (S.D. Fla. Aug. 15, 2011). There is a "strong presumption" that taxable costs be awarded to the prevailing party. *Mathews v. Crosby,* 480 F.3d 1265, 1276 (11th Cir. 2007); *see also Groves v. Royal Caribbean Cruises, Ltd.,* 2011 WL 817930, at * 1 (S.D. Fla. Mar. 2, 2011) ("[A] prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs."). As such, "when challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Ferguson*, 2011 WL 3583754, at *1 (citation omitted). 28 U.S.C. § 1920 allows for the recovery of the following costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> **(1)** Fees of the clerk and marshal;
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)  Docket fees under section 1923 of this title;

(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Under 28 U.S.C. § 1920(1), a prevailing party may recover costs associated with service of summons and subpoenas, "provided that the process servers' rates do not exceed what it would cost to have the U.S. Marshal effectuate service." *Santana v. RCSH Operations, LLC,* 2012 WL 3779013, at *2 (S.D. Fla. Aug. 31, 2012). Section 1920(3), as limited by 28 U.S.C. § 1821(b)3 authorizes the taxation of costs related to witness appearance fees and subsistence costs. *See also Drury v. Pena,* 1997 WL 718831, at * 13 (M.D. Fla. Oct. 15, 1997). These expenses include expenses for transportation and parking. *Dillon v. Axxsys InteYr., Inc.* 2006 WL 3841809, at *8 (M.D. Fla. Dec. 19, 2006).

Herein, Plaintiff moves for Final Default Judgment under 29 U.S.C. 216(b) regarding Defendants, jointly and severally, and refer to her executed Declaration attached hereto which sets forth each Plaintiff's damages, exclusive of attorneys' fees and costs. Plaintiff is the prevailing party in this case and entitled to recover reasonable attorneys' fees and costs from Defendants, jointly and severally. 29 USC 216(b) makes the award of fees and costs to prevailing plaintiffs mandatory and Plaintiffs respectfully request to be awarded a full measure of the claimed fees and costs pursuant to 29 USC 216(b).

The Court has discretion to grant enlargements, although the Court takes into consideration whether the request will impact the trial calendar and the reasons. *See, Sosa v.*

*Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, No. 07-CIV-8171, 2008 WL 4580024, *3-4 (S.D.N.Y. 10/14/08).

The request to submit one fee and cost motion pursuant to Local Rule 7.3 but to have an enlargement through to the conclusion of collection which would benefit judicial economy so as not to piecemeal Plaintiff's request for attorneys' fees and costs in this cause and so that Plaintiff will need to only attach one breakdown of attorneys' fees and costs pursuant to the FLSA, which includes fees and costs associated with collection of the default. As such, Plaintiff respectfully requests that this Court enlarge time for Plaintiff to file one fee and cost motion after the collection of the default judgment and to retain jurisdiction to entertain same so that one fee and cost motion can be filed for all fees and costs to date along with fees and costs associated with collections.

### Entitlement to future fees in re: collection of default judgment.

In *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009), this Court found that attorney's fees related to collection on a final default judgment was available in FLSA cases. Stating;

> [i]n *Doden v. Plainfield Fire Protection Dist.,* 108 F. 3d 1379 (7th Cir. 1997), suggests that attorney's fees for post-judgment work may be available in FLSA cases. In *Doden,* the district court denied the plaintiff's request for attorneys fees in collecting a judgment finding that the plaintiff's efforts were unnecessary because the defendant was willing, ready and able to pay the judgment. 2008 U.S. Dist. LEXIS 72327, [WL] at * 2. The district court's reasoning for denying the fee request suggests that the district court may have awarded the fees had the plaintiff's attorney's efforts been necessary. On appeal, the Seventh Circuit affirmed the district court's decision noting that the record supported the district court's finding that the plaintiff's engaged in unnecessary efforts relating to the judgment. "This is a clear, concise, and reasonable explanation of why attorneys' fees were not awarded for these motions, and thus, the district court did not

abuse its discretion in the denial of fees." 2008 U.S. Dist. LEXIS 72327, [WL] at *5.

This court in the *DiFrancesco* decision further stated:

> The courts have awarded post-judgment collection fees in cases involving other federal statutes. In *Free v. Briody,* 793 F. 2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." *Id.* at 808. The circuit court further noted that "the entry of the judgment is not the end of the litigation . . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Id.* at 809.

Plaintiff's attorneys will have to exert more time and effort in collection of the default judgment resulting from the underlying FLSA case and as a result should be awarded reasonable attorneys' fees and costs pursuant to the Court's decision in *DiFrancesco*.

WHEREFORE THE PLAINTIFF RESPECTFULLY REQUESTS ENTRY OF AN ORDER OF FINAL DEFAULT JUDGMENT TO BE ENTERED AGAINST DEFENDANTS, JOINTLY AND SEVERALLY, AND FOR FEES AND COSTS, INCLUDING FUTURE FEES AND COSTS IN COLLECTION OF THE FINAL DEFAULT JUDGMENT TO BE DETERMINED BY THIS COURT UPON COLLECTION. PLAINTIFF RESPECTFULLY REQUESTS THAT THIS COURT ENLARGE TIME FOR PLAINTIFF TO FILE ONE FEE AND COST MOTION AFTER THE COLLECTION OF THE FINAL DEFAULT JUDGMENT AND TO RETAIN JURISDICTION TO ENTERTAIN SAME SO THAT ONE FEE AND COST MOTION CAN BE FILED FOR ALL FEES AND COSTS TO DATE ALONG WITH FEES AND COSTS ASSOCIATED WITH COLLECTIONS.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167


By:_s/ Rivkah F. Jaff, Esq. ___
     Rivkah F. Jaff, Esquire
     Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF AND U.S. MAIL ON 12/1/17 TO:**

**ALL CM/ECF RECIPIENTS**

**NO DEFENDANTS AND/OR DEFENSE COUNSEL HAVE APPEARED**

**COSTA FINAL CLEANING LLC
REGISTERED AGENT: MAURICIO COSTA ALMEIDA
20283 STATE ROAD 7, SUITE 300
BOCA RATON, FL 33498**

**MAURICIO COSTA ALMEIDA
20028 OCEAN KEY DRIVE
BOCA RATON, FL 33498**

**BY:__/s/____Rivkah F. Jaff_____
          RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23904-CIV-UU

YERLING MARYURIS OLIVAS )
HERNANDEZ and all others similarly situated )
under 29 U.S.C. 216(b), )
)
Plaintiff, )
vs. )
)
COSTA FINAL CLEANING LLC., )
MAURICIO COSTA ALMEIDA, )
)
Defendants. )
_____ )

**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AS TO DEFENDANTS, JOINTLY AND SEVERALLY, AND FOR ENLARGEMENT OF TIME TO FILE ONE MOTION REGARDING FEES AND COSTS INCLUDING FUTURE FEES AND COSTS REGARDING COLLECTION OF DEFAULT AT THE CONCLUSION OF COLLECTION**

This cause, having come before the Court on Plaintiff's above-described motion

("Motion for Final Default Judgment"), and the Court being duly advised in the premises, it is

ORDERED AND ADJUDGED that said Motion for Final Default Judgment  is granted and

therefore:

It is hereby ordered and adjudged that:

1. Plaintiffs' Motion for Final Default Judgment as to Defendants, jointly and severally, and for Enlargement of Time is **GRANTED.**

2. Judgment shall be entered in favor of Plaintiff, YERLING MARYURIS OLIVAS HERNANDEZ, in the amount of **$ 11,836.00** against Defendants, jointly and severally. This judgment shall bear interest in accordance with 29 U.S.C. § 1961.

3. Further, Plaintiff's counsel, J.H. Zidell, P.A., shall be entitled to collect reasonable attorneys' fees and costs to date along with future reasonable attorneys' fees and costs

upon collection of the Final Default Judgment to be filed in one motion at the conclusion of the collection and to be determined by this Court upon collection of the default judgment. Plaintiff's counsel, J.H. Zidell, P.A., shall take fees and costs from Defendants, jointly and severally, which sum shall be determined by the Court at the conclusion of collection and said sum shall bear interest at the legal rate from the date of this judgment onward and for which sum let execution shall issue. *See DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009). The Court shall retain jurisdiction to entertain said fees and cost motion which will include fees and costs to date along with fees and costs associated with collection of the default.

4.   The Clerk of the Court is instructed to **CLOSED** AS TO DEFENDANTS, JOINTLY AND SEVERALLY.

5.   A Final Default Judgment will be entered in favor of Plaintiff, YERLING MARYURIS OLIVAS HERNANDEZ, and against Defendants, COSTA FINAL CLEANING LLC., and MAURICIO COSTA ALMEIDA, jointly and severally, in conformity with this Order.

6.   The Court reserves jurisdiction to enter such other and further orders as deemed proper.

DONE AND ORDERED in Chambers, Miami, FL on this _____ day of _____, 2017.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies to:      Counsel of Record
                Defendants:

COSTA FINAL CLEANING LLC
REGISTERED AGENT: MAURICIO COSTA ALMEIDA
20283 STATE ROAD 7, SUITE 300
BOCA RATON, FL 33498

MAURICIO COSTA ALMEIDA
20028 OCEAN KEY DRIVE
BOCA RATON, FL 33498

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23904-CIV-UU

YERLING MARYURIS OLIVAS       )
HERNANDEZ and all others similarly situated)
under 29 U.S.C. 216(b),           )
                                )
        Plaintiff,          )
     vs.                   )
                                )
COSTA FINAL CLEANING LLC.,     )
MAURICIO COSTA ALMEIDA,      )
                                )
        Defendants.       )
_____ )

## FINAL DEFAULT JUDGMENT PURSUANT TO 29 U.S.C 216(b) AS TO DEFENDANTS, JOINTLY AND SEVERALLY

Pursuant to 29 U.S.C. 216(b) it is hereby ordered and adjudged that the Plaintiff,

YERLING MARYURIS OLIVAS HERNANDEZ ("Plaintiff"), c/o the Client Trust Account of

J.H. Zidell P.A., shall take the following total sums of **$ 11,836.00** from Defendants, COSTA

FINAL CLEANING LLC., and MAURICIO COSTA ALMEIDA, jointly and severally,

regarding damages for Plaintiffs' unpaid overtime wage claims sounding under the FLSA, which

sum shall bear interest at the legal rate from the date of this judgment onward and for which sum

let execution issue. This judgment shall bear interest in accordance with 29 U.S.C. § 1961.

Further, Plaintiff's counsel, J.H. Zidell, P.A., shall be entitled to collect reasonable

attorneys' fees and costs to date along with future reasonable attorneys' fees and costs upon

collection of the final default to be filed in one motion at the conclusion of the collection and to

be determined by this Court upon collection of the default judgment. Plaintiff's counsel, J.H.

Zidell, P.A., shall take fees and costs from the individual Defendants, COSTA FINAL

CLEANING LLC., and MAURICIO COSTA ALMEIDA, jointly and severally, which sum shall

be determined by the Court at the conclusion of collection and said sum shall bear interest at the legal rate from the date of this judgment onward and for which sum let execution shall issue. *See DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009). The Court shall retain jurisdiction to entertain said fees and cost motion which will include fees and costs to date along with fees and costs associated with collection of the default.

DONE AND ORDERED in Chambers, Miami, FL, on this _____ day of _____, 2017.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies to:      Counsel of Record
                Defendants:

                COSTA FINAL CLEANING LLC
                REGISTERED AGENT: MAURICIO COSTA ALMEIDA
                20283 STATE ROAD 7, SUITE 300
                BOCA RATON, FL 33498

                MAURICIO COSTA ALMEIDA
                20028 OCEAN KEY DRIVE
                BOCA RATON, FL 33498