UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CACE NO: 17-23904-CIV-UNGARO/O'Sullivan

YERLING MARYURIS OLIVAS
HERNANDEZ, and all others similarly
Situated under 29 U.S.C. 216(b)

      Plaintiff,

v.

COSTA FINAL CLEANING LLC.
MAURICIO COSTA ALMEIDA

      Defendants.

_____/

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES

Defendants,   COSTA FINAL CLEANING LLC. and MAURICIO COSTA ALMEIDA hereinafter referred to as "Defendants", by and through their undersigned counsel, file this Answer, Affirmative Defenses to Plaintiff's Complaint, and states as follows:

## GENERAL ALLEGATIONS

**1.** With regard to paragraph 1 of the Complaint, Defendants admit that Plaintiff is attempting to assert a claim under the Fair Labor Standards Act, as amended, ("FLSA but deny Plaintiff is entitled to any relief and demands strict proof thereof.

**2.** With regard to paragraph 2 of the Complaint, Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint and, on that basis, deny the allegations and demand strict proof thereof.

**3.** With regard to paragraph 3 of the Complaint, Defendants admit that Costa Final Cleaning LLC has some customers in Miami-Dade but deny the remaining allegations contained in this paragraph and demand strict proof thereof.

1

4.      With regard to paragraph 4 of the Complaint, Defendant Mauricio Costa Almeida admits that he is a corporate officer and/or owner of the Defendant Corporation.  Defendant denies the remaining allegations contained in this paragraph and demands strict proof thereof.

5.      With regard to paragraph 5 of the Complaint, Defendants deny the allegations of the Complaint and demands strict proof thereof.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6.      With regard to paragraph 6, 7, 9, 10, 11, 12, 13, 14, and 15 of the Complaint, Defendants deny the allegations contained in these paragraphs and demand strict proof thereof.

7.      With regard to paragraph 8 of the Complaint, Defendants state that 29 U.S.C. §207 (a) (1)  speaks for itself.  Defendants deny any allegations contained in this paragraph that deviate or contradict the terms of 29 U.S.C. §207 (a)(1).

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

8.      With regard to paragraph 16 of the Complaint, Defendants state that 29 U.S.C. §206(a) (1)  speaks for itself.  Defendants deny the allegations contained in this paragraph that deviate or contradict the terms of 29 U.S.C. §206(a) (1).

9.      With regard to paragraphs 17, 18, and 19, of the Complaint, Defendants deny the allegations contained in these paragraphs and demand strict proof thereof.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST DEFENSE

Defendants do not fall under the enterprise coverage of the FLSA.  Specifically, Defendants do not have employees that are "engaged in commerce or in the production of goods for commerce, or in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce…"See 29 U.S.C. § 207 (a) (1) and §203(s) (1) (A).

### SECOND DEFENSE

Defendants at all times acted in good faith and with reasonable grounds for believing that they had not violated Florida or federal law. 29 U.S.C. §254

### THIRD DEFENSE

Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by the Plaintiff, and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiff.

### FOURTH DEFENSE

The Complaint, and each cause of action thereof, is barred because Plaintiff failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

### FIFTH DEFENSE

Any damages that Plaintiff could recover must be eliminated or reduced by Plaintiff's failure to mitigate damages.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the provision of Section 11 of the Portal to Portal Act, 29 U.S.C. §260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

**RESERVATION OF RIGHTS TO ALLEGE OTHER AFFIRMATIVE DEFENSES**:

Defendants assert the right to assert any additional defenses that are supported by information or facts obtained through discovery or other means during this case and expressly reserve the right to amend their Answer to assert such additional affirmative defenses.

WHEREFORE, Defendant respectfully requests that judgment be entered in his favor and for an award of costs, attorney's fees, and such other relief as this Court deems appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email ZABOGADO@AOL.COM to: **Jamie H. Zidell,** Esq., J H Zidell, PA, 300-71st Street, Ste 605, Miami Beach, FL 33141, this 1st day of December 2017.

/s/ Z. Suzanne Arbide, Esq.
Z.SUZANNE ARBIDE, ESQ.
Florida Bar No. 151520
Law Offices of Glantz & Glantz, P.A.
7951 S.W. 6th Street, Suite 200
Plantation, Florida 33324
Telephone No. (954) 424-1200
litigation@glantzlaw.com