UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-23904-UU

YERLING MARYURIS OLIVAS )
HERNANDEZ and all others similarly situated )
under 29 U.S.C. 216(b), )
)
)
Plaintiff, )
vs. )
)
)
COSTA FINAL CLEANING LLC., )
MAURICIO COSTA ALMEIDA, )
)
Defendants. )

_____

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Defendants, COSTA FINAL CLEANING LLC (referred to as "Costa Final"), MAURICIO COSTA ALMEIDA (referred to as "Costa") and collectively referred to as "Defendants", by and through their undersigned counsel, file their  Response to Plaintiff's Statement of Claim and state as follows:

1.      Defendants deny they violated the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. 201, *et. seq.* ("FLSA") and deny that Plaintiff is entitled to any relief, including overtime pay, liquidated damages, attorney's fees as described in Plaintiff's Statement of Claim.  The FLSA's provisions do not apply to Defendants because Defendants do not fall under the enterprise coverage of the FLSA.  Specifically, Defendants do not have employees that are "engaged in commerce or in the production of goods for commerce, or [ ] employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person."  See 29 U.S.C. §203(s) (1)(A).  Further, the FLSA's provisions do not apply to Plaintiff on the basis of "individual coverage" under 29 U.S.C. §207(a)(1) because Plaintiff was not engaged in commerce or in the production of goods for commerce during her employment with Defendants.

2.      Plaintiff performed cleaning duties, such as cleaning floors, washing glass, during construction stages of residential units from July 6, 2017 to September 20, 2017, or 10 weeks, at $11.00 per hour.  Between the period of on or about July 6, 2017 to September 20, 2016,

1

Defendants contend that Plaintiff was paid an average of $11.00 per hour and was paid the extra half time rate for any hours worked. During that period of time, Plaintiff worked about 74 overtime hours.  **During that period of time, Plaintiff earned a total of $5,435.50 which included payment for 74 overtime hours**  as follows:

> Week commencing 7/18 and ending 7/22/17:  total hours 46 or 6 overtime hours
>
> Week commencing 7/24 and ending 7/29/17:  total hours 49 or 9 overtime hours
>
> Week commencing 7/31 and ending 8/5/17: total hours 54 or 14 overtime hours.
>
> Week commencing 8/7/ and ending 8/11/17: total hours 45 or 5 overtime hours.
>
> Week commencing 8/14 and ending 8/19/17:  total hours 58  or 18 overtime hours.
>
> Week commencing 8/21/ and ending 8/26/17: total hours 49 or 9 overtime hours
>
> Week commencing 8/28 and ending 9/2/17: total hours 53 or 13 overtime hours

3.      Even if Plaintiff were to prevail on her claim for overtime (based on the allegations of her Complaint), Plaintiff miscalculates the relief that could be available to her in at least two respects:

> a. First,  Plaintiff is not entitled to liquidated damages because even assuming arguendo that Defendant violated the FLSA, Defendant's acts or omissions giving rise to such violations were in good faith and with reasonable grounds for believing such acts or omissions were not violation of the FLSA.  *See 29 U.S.C. §260.*
>
> b.   Second, Plaintiff's calculations of such relief are incorrect and grossly exaggerated. Assuming the accuracy of Plaintiff's assertions – which Defendants dispute- see below table demonstrating proper potential overtime pay calculations:
>
> **Federal Half-Time Overtime Claim (7/6/17 to 9/20/17)**
>
> Amount of Half-time Overtime per hour not compensated $3.63 (based on Fed. MW)
>
> Weeks: 10
>
> Overtime hours per week: 22.5
>
> Total wages unpaid: 3.63 x 22.5 x 10 weeks =**$816.75** (not $1,306.80 as reported in Plaintiff's Statement of Claim)

2

**Federal Minimum Wage Claim (7/16/17 to 9/20/17)**

Amount of minimum wage per hour not compensated: $3.61 (based on Fed. MW)

Weeks: 10

Hours worked per week 62.5

Total wages unpaid 3.61 x 62.5 x 16 weeks =**$2,265.25**

4.      Finally, Defendants will prove during the course of this lawsuit that they have acted in good faith in classifying the sales representative position as exempt such that Plaintiff would not be entitled to recover liquidated damages, even if he were able to prove liability.

                                                            Respectfully submitted,

                                        BY:     /s/ Z. SUZANNE ARBIDE, ESQ.
                                                  Florida Bar No. 151520
                                                  GLANTZLAW
                                                  Attorneys for Defendants
                                                  7951 SW 6th Street
                                                  Plantation, FL 33324
                                                  Telephone: 954-424-1200
                                                  Fax:     954-424-1206
                                                  Email: Litigation@glantzlaw.com

                                    **CERTIFICATE OF SERVICE**

        I hereby certify that I electronically filed the foregoing document with the Clerk of Court using CM/ECF and I also certify that the foregoing document is being served this day on counsel of record, via transmission of Notices of Electronic Filing generated by CM/ECF who are not authorized to receive electronically Notices of Electronic Filing to: ZABOGADO@AOL.COM to: **Jamie H. Zidell,** Esq., J H Zidell, PA, 300-71st Street, Ste 605, Miami Beach, FL 33141, this 18th day of December 2017.

                                        BY:     /s/ Z. SUZANNE ARBIDE, ESQ.
                                                  Florida Bar No. 151520
                                                  Attorneys for Defendants